UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          CASE NO. 93-80068
          HON. LAWRENCE P. ZATKOFF

    Plaintiff,

vs.

AHMED M. ABBASS,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on February 25, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion to Expunge Conviction (Docket #14). The Government has not filed a response and the period for filing a response has expired. The facts and legal arguments are adequately set forth in the documents submitted and on the record. Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(e), this Court ORDERS that Defendant's Motion to Expunge Conviction be decided upon the brief submitted, without this Court entertaining oral arguments. For the reasons that follow, Defendant's Motion to Expunge Conviction is DENIED.

**II. BACKGROUND**

In 1994, Defendant was charged in a multi-count Indictment after he solicited someone to damage a store he owned and, after that person declined to participate, Defendant damaged the store himself. In April 1994, he pled guilty to Count 2 - Solicitation to Commit a Crime of Violence. The

remaining three counts were dismissed. Defendant was sentenced to 18 months imprisonment.

Defendant maintains that he has not re-offended since then and has been a model citizen. Defendant apparently worked for one company for the seven year period prior to the end of September 2007, at which time he was terminated when there was a change in management. Defendant has a wife and children. His 10 year old son has a rare disease and had a liver transplant at age 3. Defendant has no medical insurance and claims to be unable to obtain a job because he cannot pass a criminal background check due to the aforementioned conviction. Defendant asks this Court to expunge his record because he has been a model citizen since being paroled and because he needs to be able to obtain a job.

### III. OPINION

The Sixth Circuit has recognized that federal courts enjoy inherent power to expunge criminal records in an appropriate case. *United States v. Doe*, 556 F.2d 391, 393 (6th Cir.1977); *United States v. Vertel*, No. 91-CR-126, 2006 WL 250627, at *1 (W.D. Mich. Jan. 31, 2006) (quoting *United States v. Doe*, 556 F.2d 391, 393 (6th Cir.1977)). Generally, courts have exercised their discretion to expunge a criminal record only with respect to invalid convictions. *Vertel*, 2006 WL 250627, at *1-*2 (citing *United States v. Robinson*, No. 94-1945, 1996 WL 107129, at *1-*2 (6th Cir. March 8, 1996)).

In *United States v. Robinson*, No. 94-1945, 1996 WL 107129 (6th Cir. March 8, 1996) (unpublished decision), the Sixth Circuit considered and rejected a request to expunge a conviction for mail fraud based upon the economic burden on the petitioner. In doing so, the *Robinson* court recognized the *Doe* court's statement concerning "'the inherent equitable powers of a federal court to order the expungement of criminal records in an appropriate case.'" *Id.* at *1 (quoting *Doe*, 556 F.2d at 393). The court noted, however, that it had "not yet posited a standard for determining which cases are 'appropriate.'" *Id*.

The Sixth Circuit also noted that other circuits "have held that the expungement power is

narrow and appropriately used only in extreme circumstances." *Id*. (citations omitted). Under that standard, the court further noted that "federal courts have most readily invoked the expungement power with respect to illegal convictions, conviction under statues later deemed unconstitutional, and convictions obtained through governmental misconduct." *Id*. at *2 (citations omitted). *See also Geary v. United States*, 901 F.2d 679, 680 (8th Cir.1990) ("Acquittal generally has not been treated by the courts as an extraordinary circumstance warranting the issuance of an expungement order."); *United States v. Ursery*, 2007 WL 1975038 at *2 (E.D. Mich. July 2, 2007) (request for "expungement of his criminal record to be able to possess a firearm for hunting . . . does not rise to the type of an 'extreme circumstance' that is required to obtain an expungement"); *In re TwoBears*, 2007 WL 1232043 at *2 (W.D. Tenn. April 26, 2007) (power to expunge records "is appropriate only when a defendant is factually innocent and can demonstrate that the continued public availability of the record will cause great harm that outweighs the public and government interest in maintaining the record"); *United States v. Saah*, 2007 WL 734984 at *1-2 (E.D. Mich. March 8, 2007) (allegations that defendant was "rejected by employers" and "cannot become a lawful citizen of the United States" did not "rise to the level of severity necessary to warrant expungement").

In reviewing the instant case, the Court notes the similarities between this case and *U.S. v. Whitson*, 2006 WL 2645139 (S.D. Ohio). In *Whitson*, the Ohio district court stated:

> Defendant does not claim that his conviction was obtained illegally. Instead, he notes that since his conviction, he has been a model, law-abiding citizen, caring for his ill father, and trying to move on with his life. He is gainfully employed, and seeks to obtain a securities license in connection with his job. Unfortunately, the chance of obtaining such a license with a criminal record for uttering a counterfeit security is not good. He argues that although he has fully paid his debt to society, his criminal record is the equivalent of "a modern day scarlet letter," inhibiting his ability to move on and become a fully productive member of society.
>
> The Court sincerely sympathizes with the inherent difficulties all ex-convicts face in trying to put the past behind them and move on with their lives. As the court explained in *Wiley* [*United States v. Wiley,* 89 F.Supp.2d 909, 910 (S.D. Ohio 1999)]**, however, the adverse consequences of their convictions "are the natural and predictable result of engaging in unlawful conduct."** *Wiley,* 89

3

> F.Supp.2d at 911**. The fact that Defendant's criminal record may impede his ability to obtain a securities license is insufficient to warrant expungement of his criminal record.** *See United States v. Scott,* 793 F.2d 117, 118 (5th Cir. 1986) **(vacating order of expungement granted by district court where defendant's criminal record interfered with her ability to pursue career as securities dealer).**
>
> **The Court commends Defendant for obtaining gainful employment, for taking care of his father, and for being a law-abiding citizen since his release from custody. Nevertheless, Defendant has not established any "extreme circumstances" that would justify expunging his criminal record. The burden on Defendant does not outweigh the government's long-recognized interest in maintaining complete criminal records.** *See Wiley,* 89 F.Supp.2d at 912**. For these reasons, Defendant's motion to expunge his criminal record (Record at 46) is DENIED.**

*Whitson*, 2006 WL 2645139, at *1-2.

In this case, Defendant is not challenging his conviction or the factual basis for it. Apparently, Defendant has maintained steady employment since being paroled and been a law-abiding citizen since his release, and for that, the Court commends him. In addition, the Court sympathizes with his inability to find a job in the last several months because of his criminal record and the challenges facing him and his family because of his son's health.

Nevertheless, Defendant has not demonstrated that having his record expunged would result in him obtaining a job, nor has he demonstrated that having a job would change any of the circumstances he has set forth in his Motion. Accordingly, the Court finds that Defendant has not established any "extreme circumstances" that would justify expunging his criminal record, or that his circumstances "outweigh the government's long-recognized interest in maintaining complete criminal records." *Id.* at *2. Defendant's Motion to Expunge Conviction is therefore DENIED.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, Defendant's Motion to Expunge Conviction is DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: February 25, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 25, 2008.

s/Marie E. Verlinde
Case Manager
(810) 984-3290